IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 11 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 1:16cr10 HSO-RHW

ROBERT SIMMONS   18 U.S.C. § 666(a)(2)

**The Acting United States Attorney charges**:

At all times relevant to this Information:

1. The Mississippi Department of Corrections (hereafter referred to as "MDOC") was a state government agency as that term is defined in Section 666(d), Title 18, United States Code, which received federal assistance in excess of $10,000.00 during each one-year period between 2007 and 2014 under Federal programs providing Federal Assistance to the MDOC.

2. Harrison County, Mississippi, was a local government, as that term is defined in Section 666(d), Title 18, United States Code, which received federal assistance in excess of $10,000.00 during each one-year period between January 1, 2005 and December 31, 2012 under federal programs providing Federal Assistance to Harrison County, Mississippi.

3. Sentinel Offender Services, L.L.C. (hereafter referred to as "Sentinel") was under contract since July 2012 with the State of Mississippi's MDOC to provide services to aid in monitoring and managing offenders sentenced to probation or parole. This monitoring contract was awarded by the MDOC.

4. The defendant, **ROBERT SIMMONS**, was a local businessman from Harrison County, Mississippi, who was paid a $4,000.00 a month consulting fee from Sentinel.

5. Since approximately July 2012, **SIMMONS** provided monthly payments of $1,400.00 to the Commissioner of the MDOC. These monthly payments, otherwise known as kickbacks, or bribes, were deposited directly into the Commissioner's bank accounts. **SIMMONS** would accomplish this by making the bank deposits utilizing branch locations in the coastal counties of Mississippi.

6. **SIMMONS** set aside approximately thirty percent (30%) of his $4,000.00 a month consulting fee from Sentinel for taxes and subsequently split the remaining part of his fee with the Commissioner of the MDOC.

7. AJA Management and Technical Services (hereafter referred to as "AJA") was under contract for a period of eighteen (18) months to provide construction management services to the MDOC for the expansion of the East Mississippi Correctional Facility and the Walnut Grove Youth Correctional Facility.

8. Throughout this eighteen (18) month period of time, **SIMMONS** received a monthly consulting fee from AJA of $10,000.00. Every month a portion of **SIMMONS'** consulting fee was paid to the Commissioner of the MDOC.

9. A company obtained a contract to perform work on the East Mississippi Correctional Facility and the Walnut Grove Youth Correctional Facility. The company paid **SIMMONS** a consulting fee for a period of ten (10) months.

10. **SIMMONS** paid the Commissioner of the MDOC a portion of **SIMMONS'** consulting fee on approximately twenty (20) occasions during this ten (10) month period of time.

11. From approximately 2005 through 2011, Health Assurance L.L.C. contracted with the Harrison County Jail to provide inmate medical services. The owner of Health Assurance L.L.C. paid **SIMMONS** a consulting fee, which at the end of the contract was as high as ten

thousand dollars ($10,000.00) a month. Throughout this period of time, **SIMMONS** made payments in the amount of $2,000.00 a month to a Harrison County Supervisor for assistance provided in securing the contract at the Harrison County Jail for inmate medical services.

12. Throughout the relevant time period referred to in paragraph 1, the Commissioner of the MDOC exercised influence in the awarding of contracts with the MDOC.

13. Throughout the relevant time period referred to in paragraph 2, a duly elected supervisor of Harrison County, Mississippi, exercised influence in the awarding of contracts with Harrison County, Mississippi.

14. That beginning sometime in or about 2005, and continuing until at least August 26, 2014, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROBERT SIMMONS**, did knowingly and corruptly give, offer, and agree to give something of value to the Commissioner of the MDOC, with intent to influence and reward the Commissioner of the MDOC in connection with the business, transaction, and series of transactions of the Mississippi Department of Corrections, involving something of value of $5,000.00 or more, that is, the awarding and the retention of contracts to Sentinel and AJA, for various services more particularly described in paragraphs 3 through 8.

15. That beginning sometime in or about 2005, and continuing until at least 2014, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROBERT SIMMONS**, did knowingly and corruptly give, offer, and agree to give something of value to a duly elected supervisor of Harrison County, Mississippi with intent to influence and reward the supervisor in connection with the business, transaction, and series of transactions of Harrison County Mississippi involving something of value of $5,000.00 or more, that is, the awarding and the retention of contracts to Health Assurance L.L.C. for various

services more particularly described in paragraph 11.

All in violation of Section 666(a)(2), Title 18, United States Code.

_____
HAROLD H. BRITTAIN
Attorney for the United States,
Acting under Authority conferred by
18 U.S.C. § 515